## In re WHITAKER.
### Patent Appeal No. 2624.

Court of Customs and Patent Appeals.
Feb. 25, 1931.

Steward & McKay, of Washington, D. C. (Clarence O. McKay and Melvin W. Sandmeyer, both of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C., for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

Appellant seeks patent for alleged new and useful improvements in fillers for pipe joints, and has appealed to this court from the decision of the Board of Appeals of the Patent Office affirming the action of the examiner denying same.

The claims, three in number, read as follows:

"5. A filler for sealing pipe and similar joints adapted to be placed as a preformed element in the pipe or similar joint, said element comprising a body of plastic, non-metallic adhesive material provided with a non-adhesive impervious coating capable of being readily broken down upon distortion of the plastic body when placed in the joint.

"6. A filler for sealing pipe and similar joints adapted to be placed as a preformed element in the pipe or similar joint, said element comprising an elongated rope-like body of homogeneous plastic adhesive water-proof material and fibrous material, said body being capable of being readily distorted to con-

form to joint spaces wherein used, said body being provided with a thin film-like impervious surface coating of a non-adhesive nonelastic material capable of being readily broken down upon distortion of the plastic body when placed in the joint.

"7. A filler for sealing pipe and similar joints adapted to be placed as a preformed element in the pipe or similar joint, said element comprising a body of plastic non-metallic adhesive material provided with a thin-film-like coating of a material having the characteristics of collodion."

The references cited in the rejection are:

Dailey No. 1,056,010, March 18, 1913.

Ferguson No. 1,608,470, November 23, 1926.

There is in the record, also, and referred to by the board, patent to Collins, 853,003, May 7, 1907.

The filler which appellant discloses is a rope-like composition of adhesive waterproof material which contains fibrous matter as a part thereof. This is coated with an impervious film or covering made of nonadhesive material which is capable of being readily broken down when the body is placed in the joints of sewer pipes, and the like, and distorted.

The patent to Dailey discloses a plastic packing "for piston rods, throttle rods, valve stems, pump rods and the like," the object of it being "to provide a resilient, steam resisting packing which will have a 'flow,' as it were, and can be fed under pressure to and around the rod, and which will be easy to make and handle." After being prepared the product is packed "under pressure" in casings "of paper, tin foil or other soft, flexible and frangible material which will work in with the packing and not interfere with its flow. * * * *"

Ferguson's preferred form of filler for sewer pipes and the like, as stated in his specification, consists of a "gasket or core formed from a water-proof, plastic asphaltic compound" with an outer case or covering which will permit the core to deform in a way "to become packed tightly between the abutting ends of the pipe and between the bell and spigot" when the latter is forced into the former. His outer cover or casing is "formed from an inexpensive fabric, such as a porous cotton fabric," which "permits the plastic core to ooze through." He states, however, that it is immaterial what particu-

lar kind of asphaltic substance is used for the core, and what particular fabric for the casing.

As to the core or filler the patents to Ferguson and Dailey—Ferguson being in the same field as appellant—are obvious anticipations of the disclosures of the application. We think this is also true as to the coating, although the material of which the coating is made differs from the tin foil of Dailey and the cheesecloth of Ferguson. In both patents the coverings are designed to render the filter structure convenient to handle and to remain in the filler material after the latter is pressed into place in sealing the pipe joints. In the Dailey patent the cover is broken down and mixes with the filler. And, aside from these, Collins discloses a film-like coating for his packing of metallic material, said coating being composed of "glue, glycerin, sugar and varnish." This coating is stated to be a "casing for the same in shipment."

Appellant insists, however, that since no one of the patents discloses all the elements of his claims, it is improper to combine references as was done by the examiner and the board, and cites In Re Champeau, 34 F.(2d) 1012, 17 C. C. P. A. 568.

Suffice it to say that we there found that the applicant had evolved a combination of several elements, each disclosed in the prior art, which combination produced a new and useful result different from that which had been before produced, and patent was granted. In the case at bar we fail to see where appellant has produced any new result by his combination. The result may be better, but it is not novel in the sense of the patent laws. A combination of old elements, in order to be patentable, must involve invention. It must produce not only some useful but some new result which goes beyond what may be achieved by mere mechanical skill in operating the elements disclosed by prior art. In re Bayer, 35 F.(2d) 66, 17 C. C. P. A. 614.

Each of appellant's claims calls for a filler as a "preformed element." That is to say, the filler is formed at the manufacturing plant and conveyed to the point of use ready for use, except for cutting to the required lengths and bending about the pipe joints. In the same sense the products of both Dailey and Ferguson are preformed.

The decision of the Board of Appeals is affirmed.

Affirmed.